UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARNELL WEBSTER,

                    Plaintiff,

    v.

NAPHCARE, et al.,

                    Defendants.

Case No. 3:20-cv-0070-JAD-WGC

ORDER

        On June 4, 2021, the Court issued a screening order dismissing Plaintiff's claims of objective deliberate indifference to adequate medical care as against Defendants Clark County and Joe Lombardo with leave to amend and permitting Plaintiff's claims of deliberate indifference against Defendants Doe Medical Staff (once he learns of his or her identity and moves to amend his complaint to substitute in that true name) and Naphcare to proceed. (ECF No. 3 at 13). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of Plaintiff's claims of objective deliberate indifference as against Defendants Clark County and Joe Lombardo. (*Id.*) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on Plaintiff's claims of objective deliberate indifference to adequate medical care as against Defendants Doe Medical Staff and Naphcare. (*Id.* at 13-14). Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action will proceed on Plaintiff's claims of objective deliberate indifference to adequate medical care as against Defendants Doe Medical Staff (once Plaintiff learns of his or her identity and successfully moves to amend his complaint to substitute in that true name) and Naphcare. Therefore,

        IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 3), this action will proceed on Plaintiff's claims of objective deliberate indifference to adequate medical care as against Defendants Doe Medical Staff (once he learns of his or her

identity and successfully moves to amend his complaint to substitute in that true name) and Naphcare.

IT IS FURTHER ORDERED that the Clerk of Court **WILL ISSUE** summons for Defendant Naphcare, **AND DELIVER THE SAME**, to the U.S. Marshal for service. The Clerk **WILL SEND** to Plaintiff **one** USM-285 form. The Clerk also **WILL SEND** sufficient copies of the complaint (ECF No. 4) and this order to the U.S. Marshal for service on Defendant. Plaintiff will have **thirty days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to the Defendant. Within **twenty days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether or not Defendant was served. If Plaintiff wishes to have service again attempted on an unserved Defendant, then a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and address for said Defendant, or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that henceforth, Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney or attorneys, a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or counsel for the Defendant. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: July 15, 2021.

_William G. Cobb_
United States Magistrate Judge