UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARNELL WEBSTER,

    Plaintiff

v.

JOSEPH LOMBARDO, et al.,

    Defendants

Case No.: 3:20-cv-00070-ART-CSD

**Order**

Re: ECF No. 34

    Before the court is Plaintiff's motion to compel discovery. (ECF No. 34.) Defendant NaphCare, Inc., filed a response. (ECF Nos. 35, 35-1.) Plaintiff filed a reply. (ECF No. 37.)

**I. BACKGROUND**

    Plaintiff is a prisoner in the custody of the Nevada Department of Corrections (NDOC) proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. However, the events giving rise to this action took place while Plaintiff was a pretrial detainee in the custody of the Clark County Detention Center (CCDC). (Complaint, ECF No. 4.)

    The court screened Plaintiff's complaint and allowed him to proceed with a claim of inadequate medical care for a pretrial detainee under the Fourteenth Amendment against NaphCare and Doe medical staff. (ECF No. 3.) Plaintiff alleges that NaphCare failed to properly and timely treat his knee injury over a year-long period at CCDC, which resulted in his having emergency surgery where he was given an artificial knee.

    Plaintiff served discovery on NaphCare, including interrogatories, requests for admission, and requests for the production of documents. (ECF No. 34 at 5-19.) NaphCare served responses, but Plaintiff claims the responses contain improper objections, and NaphCare failed to produce

any responsive documents. In addition, Plaintiff asserts that NaphCare subpoenaed records from University Medical Center (UMC) and CCDC; however, Plaintiff claims he has not received any responsive documents and was told he would have to pay for copies of the records. (ECF No. 34 at 20-36.)

In its response, NaphCare states it previously contracted with CCDC to provide medical care to inmates, but it no longer has a contract with CCDC. NaphCare states Plaintiff's medical records are held in the custody of Clark County and not with NaphCare. NaphCare issued subpoenas to Clark County, University Medical Center (UMC) (where Plaintiff had his surgery), and NDOC (where he is now incarcerated), on December 17, 2021. NaphCare asserts that Plaintiff's discovery requests asked for information and documents related to his medical treatment at CCDC (and its sister facility North Valley Complex (NVC)) and UMC. NaphCare's discovery responses advised Plaintiff that it did not have custody of Plaintiff's medical records, but it was in the process of obtaining these records. NaphCare received a copy of Plaintiff's medical records from CCDC on April 7, 2022. It has not yet received records from UMC or NDOC, as these facilities required a signed authorization from Plaintiff. Plaintiff has since signed the authorizations, but NaphCare represents this has caused additional delays in obtaining the records.[1]

NaphCare argues that Plaintiff failed to meet and confer as is required by Federal Rule of Civil Procedure 37 and Local Rule IA 1-3(f), but in the spirit of cooperation, NaphCare has served supplemental responses. The supplemental responses indicate that NaphCare is producing Plaintiff's medical records from CCDC. (ECF No. 35-1 at 25-45.)

---

[1] The scheduling order states that counsel for NaphCare did not receive the signed release for NDOC's records until February 16, 2022, and that it sent the HIPPA authorization/release for Plaintiff's records from UMC to Plaintiff on February 25, 2022. (ECF No. 31 at 3-4.)

In his reply brief, filed on May 9, 2022, Plaintiff states that he has not received the medical records from CCDC or NaphCare's supplemental responses. Plaintiff also states that NaphCare received a meet and confer request from Plaintiff, and Plaintiff was asked to pay for copies of the records.

## II. DISCUSSION

First, "[d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). In a case involving an incarcerated individual, the meet-and-confer requirement may be satisfied through written communication. LR IA 1-3(f)(1). The moving party "must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." LR IA 1-3(f)(2). "Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion." LR IA 1-3(f)(4).

While Plaintiff mentions a meet and confer in his reply brief, he did not satisfy the requirements of the Local Rules, which require that he submit a declaration setting forth the details and results of the meet and confer conference. This alone constitutes a basis to deny Plaintiff's motion.

Second, subsequent to the filing of this motion, NaphCare represents that it served supplemental discovery responses and produced Plaintiff's medical records from CCDC. It is awaiting the production of the subpoenaed records from UMC and NDOC.

The court would like to ensure that Plaintiff has received the supplemental responses and CCDC records[2], and that he timely receives the records from UMC and NDOC. Therefore, the court will require NaphCare to file a notice advising the court of the status of production of these records.

If, after Plaintiff has had a chance to review the supplemental responses, the records from CCDC, as well as UMC and NDOC once produced, *and* he has engaged in a sincere effort to meet and confer to resolve any remaining disputes, he may file a renewed motion to compel.

## CONCLUSION

Plaintiff's motion to compel (ECF No. 34) is **DENIED WITHOUT PREJUDICE**.

On or before **May 7, 2022**, Plaintiff shall file a notice advising the court only if he has **not** received NaphCare's supplemental responses and the CCDC records. If Plaintiff has received these documents, he need not submit a filing. In addition, on or before **May 7, 2022,** NaphCare shall advise the court whether it has received production of Plaintiff's medical records from UMC and NDOC, and if so, whether and when they were produced to Plaintiff. If it has not received the records from UMC and NDOC, NaphCare shall set forth what steps it has undertaken to determine the status of the production of the documents from NDOC and UMC and provide an estimate of when the documents will be produced.

**IT IS SO ORDERED**.

Dated: May 23, 2022

_____
Craig S. Denney
United States Magistrate Judge

---

[2] It is possible that the supplemental responses and records had not yet made it to Plaintiff by the time he filed his reply brief.

4