UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARNELL WEBSTER,<br><br>　　　　　Plaintiff,<br>　v.<br>JOSEPH LOMBARDO, *et al.*,<br>　　　　　Defendants. | Case No. 3:20-cv-00070-ART-CSD<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Darnell Webster brings this action under 42 U.S.C. § 1983 against Defendant Defendant NaphCare, Inc. and other unnamed Doe Defendants alleging two Fourteenth Amendment claims arising from Plaintiff's time at the Clark County Detention Center ("CCDC"): 1) a claim for inadequate medical care against Doe Defendant medical staff; and 2) a claim that the violation of his right to adequate medical care was a product of a policy or custom of NaphCare. Plaintiff did not timely substitute the true names in place of the Doe Defendants, so those Defendants, and the claim against them, are dismissed without prejudice. The action is therefore only proceeding against NaphCare on Plaintiff's second Fourteenth Amendment claim.

Before the Court is a Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 79), recommending the Court grant Defendant NaphCare's Motion for Summary Judgment (ECF No. 75). Plaintiff filed an objection to the R&R (ECF No. 80 ("Objection")), and Defendant responded (ECF No. 81). Plaintiff later filed a Motion to Address his Objection (ECF No. 82) and a Motion to Stike Defendant's Response to his Objection (ECF No. 83). Defendant responded to the Motion to Strike. (ECF No. 84.) Because the Court agrees with Judge Denney's analysis as to Defendant's Motion for Summary Judgment, the Court will adopt the R&R in

full. Accordingly, the Court will grant Defendant's Motion for Summary Judgment and deny as moot all remaining motions.

## II.   BACKGROUND

The Court incorporates by reference Judge Denney's recitation of the relevant factual background and procedural history, which the Court adopts from the R&R. (ECF No. 53 at 1-3, 5-15.)

## III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, the Court's review is de novo on the issues raised in Plaintiff's Objection. In his Objection, Plaintiff first argues that the Eighth Amendment claims in his original complaint should not have been dismissed in the Court's Screening Order (ECF No. 3) and the Court should not have denied his Motion for Leave to File Amended Complaint to add the true names of Doe Defendants. (ECF No. 70.) Those decisions are not at issue in the Recommendation before the Court, so those arguments will not be considered. As to the substance of the

2

Recommendation, Plaintiff argues that Judge Denney incorrectly concluded that summary judgment was appropriate on the issues of whether NaphCare's actions in treating Plaintiff rose from mere negligence to deliberate indifference and whether a policy or custom caused the alleged constitutional violation.

**IV.   DISCUSSION**

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individuals under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange,* 888 F.3d 1118, 1124-25 (9th Cir. 2018) (internal quotation marks and citation omitted). "The mere lack of due care by a state official does not deprive an individual of life, liberty or property under the Fourteenth Amendment." *Id.* at 1125 (internal quotation marks and citations omitted). "Thus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (internal quotation marks and citation omitted).

"The 'reckless disregard' standard is a formidable one." *Fraihat v. U.S. Immigration and Customs Enforcement,* 16 F.4th 613, 636 (9th Cir. 2021) (citing *Roman v. Wolf,* 977 F.3d 935, 947 (9th Cir. 2020) (per curiam)). "Neither 'mere lack of due care,' nor 'an inadvertent failure to provide adequate medical care,' nor even '[m]edical malpractice,' without more, is sufficient to meet this standard." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Castro v. County of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *Roman*, 977 F.3d at 947). The plaintiff must show that the defendant disregarded a serious risk to the plaintiff's health "by failing to take 'reasonable and available measures' that could have eliminated that risk." *Id.* (quoting *Castro*, 933 F.3d at 1070-71).

Given this stringent standard and the extensive record of treatment Plaintiff received, the Court agrees with Judge Denney and finds that Defendant's actions rise at most to negligence and do not satisfy the requirements for

3

"reckless disregard." The Court concludes that summary judgment is appropriate in Defendant's favor on this issue because no reasonable juror could conclude that Defendant was deliberately indifferent under the "reckless disregard" standard.

"[T]he requirements of *Monell* [for suits against municipalities] apply to suits against private entities [found to be state actors] under § 1983." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). NaphCare does not dispute that it was a state actor when it contracted to provide medical services to CCDC inmates.

Under *Monell*, a plaintiff must prove that the defendant had a policy that amounted to deliberate indifference to the plaintiff's constitutional right and was the moving force behind the constitutional violation. *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). A "policy is a deliberate choice to follow a course of action . . . by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* (citation and quotation marks omitted). "An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* at 974 (citation and quotation marks omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* (citation and quotation marks omitted).

Here, the Court agrees with Judge Denney and finds that Defendant provided Plaintiff with attentive care and that Plaintiff has not provided evidence of a custom or policy of NaphCare to provide those at CCDC with substandard care. The Court concludes that summary judgment is appropriate in Defendant's favor on this issue.

### V. CONCLUSION

It is therefore ordered that Plaintiff's Objection (ECF No. 80) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled. The Report and Recommendation (ECF No. 79) is therefore adopted in full.

It is further ordered that Defendant's Motion for Summary Judgment (ECF No. 75) is GRANTED.

It is further ordered that the Doe Medical Staff Defendants are dismissed without prejudice.

It is further ordered that the Clerk ENTER JUDGMENT in favor of Defendant and CLOSE this case.

DATED THIS 29th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE